IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**Civil Action No. 16-99 (GMS)**

**ORDER RE: CASE MANAGEMENT IN CIVIL CASES**

After at least one defendant in this matter has filed a responsive pleading (e.g., answer, counterclaim, cross-claim) or a motion in lieu of (or in addition to) a responsive pleading,

IT IS HEREBY ORDERED that the parties shall meet and confer and discuss, in person and/or by telephone, each of the matters listed in Judge Sleet's form Joint Status Report (a sample can be located on the court's website at www.ded.uscourts.gov).  Within thirty (30) days after at least one defendant has responded **OR** thirty (30) days after the date of this Order if at least one defendant has responded, the parties shall jointly file a Joint Status Report, along with their proposed scheduling order (consistent with the most recently revised form of Scheduling Order, which can also be located on the court's website).  Subsequently, the court, at its discretion, will either enter a case schedule or order a status or Rule 16.1 conference.  If a conference is ordered, it shall be conducted either by telephone or in person as directed by the court.  **NOTE**:  If a Joint Status Report is filed **BEFORE** at least one defendant has responded, it will not be considered and stricken from the record.

Below, for your reference, is a list of the topics to be discussed during the meet and confer and are to be included in the Joint Status Report:

1. **Jurisdiction and Service.**  Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction?  Do any remain to be served?

2. **Substance of the Action.**  What are the factual and legal bases for plaintiff's claims and defendants' defenses?

3. **Identification of Issues.** What factual and legal issues are genuinely in dispute?

4. **Narrowing of Issues.** Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

5. **Relief.** What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?

6. **Amendment of Pleadings?**

7. **Joinder of Parties?**

8. **Discovery.** Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information?

9. **Estimated trial length.** Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

10. **Jury trial?**

11. **Settlement.** Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?

12. Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.

13. A statement that counsel for the parties have conferred about each of the above matters.


May 2, 2016                        /s/   Gregory M. Sleet
                                UNITED STATES DISTRICT JUDGE